IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BILLY W. ROBINSON

VS.  CASE NO. 2:05cv2171-KS-MTP

BEAN MOVING AND STORAGE, INC.,
ATLAS VAN LINES, INC., AND
PARTIDA DOMINIC

<u>MEMORANDUM, OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT</u>

On December 7, 2005, the Plaintiff filed a Complaint and summons was issued for the three Defendants. On July 27, 2006, the case was reassigned and an Order Reassigning Case was entered and a copy mailed to Plaintiff. The copy of the Order was returned undeliverable. On December 7, 2006, a Show Cause Order was entered directing the Plaintiff to show cause why the case should not be dismissed for his failure to prosecute and for failing to properly serve process pursuant to Fed. R. Civ. P. 4(m) within one hundred and twenty (120) days after the filing of the Complaint. The copy of the Order mailed to Plaintiff was likewise returned as undeliverable. The Plaintiff has not complied with this order. The Plaintiff has failed to respond, to serve process, or to in any way communicate with the Court and this demonstrates to the Court his lack of interest in pursuing his claim.

The Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Fed. R. Civ. P. And under its inherent authority to dismiss an action *sua sponte*. See *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F. 2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   Such a sanction is necessarily in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, Supra. 370 U.S. at 630.

Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of the Plaintiff's claims, the Court's Order of Dismissal shall provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F. 2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Memorandum, Opinion and Order will be entered.

SO ORDERED on this, the 8th day of January, 2007.

>	s/ *Keith Starrett*
>	UNITED STATES DISTRICT JUDGE